Osawaru Amen AIDEYAN, aka John Anderson, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–74125.
Agency No. A27–578–399.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Brian D. Lerner, Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer A. Parker, Anthony W. Norwood, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM**

Osawaru Amen Aideyan, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen immigration proceedings. Because the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002). We review for abuse of discretion the BIA's denial of a motion to reopen, and we review de novo questions of law. *Id.* at 1222. We deny the petition for review.

The BIA properly denied petitioner's second motion to reopen filed July 7, 2003. Because petitioner did not appeal the immigration judge's ("IJ") June 4, 1999 order, the BIA never rendered a decision on that order. Consequently, the BIA lacked authority to consider petitioner's substantive request to reopen. *See* 8 C.F.R. § 1003.2(a) (the BIA may reopen *sua sponte* "any case in which it has rendered a decision").

Petitioner also contends that the BIA erred in dismissing petitioner's appeal of the IJ's denial of his first motion to reopen. However, we cannot say that the BIA abused its discretion by dismissing the appeal of the IJ's decision not to exercise its *sua sponte* authority to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1159

(9th Cir.2002) (court lacks "sufficiently meaningful standard against which to judge the BIA's decision not to reopen").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

